**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4006-16T1

RICHARD RIVERA,

     Plaintiff-Appellant,

v.

BOROUGH OF FORT LEE and
EVELYN ROSARIO, RMC, CMC,
in her official capacity as Municipal
Clerk and Records Custodian of the
Borough of Fort Lee,

     Defendants-Respondents.

_____

Argued October 24, 2018 – Decided May 3, 2019

Before Judges Koblitz, Ostrer and Currier.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-8190-16.

CJ Griffin argued the cause for appellant (Pashman Stein Walder Hayden, PC, attorneys; CJ Griffin, of counsel and on the briefs; Marc Yenicag, on the briefs).

J. Sheldon Cohen argued the cause for respondents (DeCotiis, FitzPatrick, Cole & Giblin, LLP, attorneys;

J. Sheldon Cohen, of counsel and on the brief; Gregory J. Hazley, on the brief).

David L. Disler argued the cause for amicus curiae New Jersey State Association of Chiefs of Police (Porzio, Bromberg & Newman, PC, attorneys; Vito A. Gagliardi, Jr., of counsel; David L. Disler, on the brief).

Richard Gutman argued the cause for amicus curiae Libertarians for Transparent Government and New Jersey Foundation for Open Government.

American Civil Liberties Union of New Jersey Foundation and Rutgers Constitutional Rights Clinic, attorneys for amicus curiae American Civil Liberties Union of New Jersey (Edward Barocas, Jeanne LoCicero and Alexander Shalom, of counsel and on the brief; Ronald K. Chen, on the brief).

PER CURIAM

In this Open Public Records Act (OPRA) case, the trial court dismissed the requestor's complaint for access to heavily redacted documents, without reviewing the redacted material that the municipality claimed was exempt. Under the circumstances, we conclude that in camera review of the documents was essential. We therefore remand for that review.

In his OPRA complaint, plaintiff Richard Rivera challenged the redaction of twenty-eight Fort Lee Police Department (Department) standard operating procedures (SOPs) he requested. The SOPs address the following law enforcement and police management topics: active-shooter response; alarms;

A-4006-16T1

anti-crime patrol duties; bomb threats; conditional alerts; crime alert/active alert; criminal investigation; labor strikes; major-incident notifications; ride-along program; specialty-impact munitions; sudden deaths/DOAs; all-hazards plan; arrest and transportation; body armor; call response guidelines; communications; confidential sources; duty death and serious injury; emotionally disturbed persons; electronic communications; evidence and property control; extra duty/off-duty employment; interview and interrogation; pursuit and forcible stopping; special operations; temporary detention/holding facility; and weapons and ammunition.[1]

After conducting an ex parte in camera review of a Vaughn index[2] but not the SOPs, the trial court dismissed the complaint. The court found that the redacted material fell within the security exceptions to a "government record" disclosable under the Act. N.J.S.A. 47:1A-1.1. Documents subject to the exceptions consist of: "emergency or security information or procedures for any buildings or facility which, if disclosed, would jeopardize security of the

---

[1] The trial court's opinion, apparently inadvertently, omitted mention of one of the SOPs, entitled "Extra Duty/Off Duty Employment." Plaintiff received an additional fifty-seven SOPs without any redactions.

[2] Vaughn v. Rosen, 484 F.2d 820, 827 (D.C. Cir. 1973). Plaintiff does not challenge on appeal the trial court's determination to review the Vaughn index in camera and ex parte.

A-4006-16T1

building or facility or persons therein" and "security measures and surveillance techniques which, if disclosed, would create a risk to the safety of persons, property, electronic data or software." Ibid. The court also found that plaintiff lacked a common-law right to know the SOPs' unredacted content because defendants' interests outweighed plaintiff's.

On appeal, plaintiff challenges whether defendants Borough of Fort Lee and its public-record custodian satisfied their burden to show that the security exceptions justified the redactions. See N.J.S.A. 47:1A-6 (stating that a public agency bears the burden to show that "denial of access is authorized by law"); N. Jersey Media Grp., Inc. v. Twp of Lyndhurst, 229 N.J. 541, 555 (2017) (requiring a "clear showing" by government agency that an exemption applies) (quoting Asbury Park Press v. Ocean Cty. Prosecutor's Office, 372 N.J. Super. 312, 329 (Law Div. 2004)).[3]

In questioning defendants' security claim, plaintiff contends that several years earlier, the Borough released SOPs on some of the same subjects without

---

[3] Plaintiff does not challenge the court's common law holding. Although an amicus curiae addresses the issue, we consider that claim waived. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) (stating that "[a]n issue not briefed on appeal is deemed waived"); see also Bethlehem Twp. Bd. of Educ. v. Bethlehem Twp. Educ. Ass'n, 91 N.J. 38, 48-49 (1982) (stating that amicus generally may not "raise issues not raised by the parties").

redactions; and that the SOPs are based on a commercially distributed template that numerous other municipal law enforcement agencies use and have disclosed to plaintiff without redaction. Plaintiff concedes that some of defendants' redactions are defensible, assuming they mirror the alleged analogs of other jurisdictions.[4] However, plaintiff generally contends that defendants failed to demonstrate that the SOPs, even if they pertain to security measures, would jeopardize security or pose a risk to safety.

Defendants dispute the premise that the Department's SOPs mirror those of other agencies, or that other agencies' disclosures suggest that defendants' redactions were excessive. Furthermore, defendants contend the redactions must be viewed in light of current circumstances, including the increased threat of terrorism. They argue the court properly found that disclosure of the redacted material would compromise the Department's efforts to combat crime and terrorism and to protect the public and law enforcement officers. Defendants also argue on appeal that these security concerns would have justified withholding entire policies rather than sharing them in redacted form.

---

[4] For example, plaintiff does not challenge redacting the list and storage location of the Department's weapons from the "Weapons and Ammunition" SOP; he does complain, however, that defendants redacted all but one page of the thirty-one-page SOP.

A-4006-16T1

In the alternative, plaintiff contends that the trial court was obliged, as a threshold matter, to review the SOPs themselves to ascertain whether the redacted material was exempt from disclosure. Defendants argue that review of the documents was unnecessary.

We agree with plaintiff and remand for in camera review of the SOPs. Absent this review, the trial court cannot perform its function of assessing defendants' exemption claim, nor can we perform our de novo review of the court's legal conclusion that the exemption applies. See In re N.J. Firemen's Ass'n Obligation to Provide Relief Applications Under Open Pub. Records Act, 230 N.J. 258, 273-74 (2017) (stating that "determinations about the applicability of OPRA and its exemptions are legal conclusions . . . subject to de novo review").

We need not go so far as to say that a requestor under OPRA has a right to automatic in camera inspection by the court. Cf. Loigman v. Kimmelman, 102 N.J. 98, 109 (1986) (stating "a right to automatic in camera inspection is not warranted" in claims under the common-law right to know); but see Hartz Mountain Indus. v. N.J. Sports & Exposition Auth., 369 N.J. Super. 175, 183 (App. Div. 2004) (stating "under OPRA . . . the court is obliged, when a claim of confidentiality or privilege is made by the public custodian of the record, to

A-4006-16T1

inspect the challenged document in camera to determine the viability of the claim"). A Vaughn index may, in some cases, enable a court to resolve a custodian's claim that a document is shielded from disclosure. In "rare cases," a trial court may determine that the index itself should be viewed in camera to avoid disclosure of confidential information. Loigman, 102 N.J. at 111.

OPRA's security exceptions require a two-stage analysis. First, the court must determine whether the custodian has proved that the documents contain "emergency or security information or procedures" or "security measures and surveillance techniques." N.J.S.A. 47:1A-1.1. Second, the court must ascertain whether the agency has proved that "if disclosed," the information would, respectively, "jeopardize security of the building or facility or persons therein" or "create a risk to the safety of persons, property, electronic data or software." Ibid.; Gilleran v. Twp. of Bloomfield, 227 N.J. 169, 174 (2016); accord id. at 183 (Rabner, C.J., dissenting). The statute does not create a blanket exemption for security information, id. at 173, and the exemption must "be applied in a commonsense manner," id. at 164.

We recognize that the Supreme Court found, without the necessity of an in camera review, that the security exceptions covered a public building's security videotapes whose release would disclose the nature and limitations of

the security system itself.  Id.  However, the court must consider whether the index "suggest[s] findings . . . that will warrant an in camera review by the court before its final decision."  Loigman, 102 N.J. at 113.  In this case, review of the actual content of the SOPs is essential to determine whether the subject matter meets both prongs of the security exceptions.

Defendants redacted virtually the entirety of some SOPs.  Since defendants contend the Department tailored the SOPs to its particular needs, the trial court had no way of knowing what the custodian actually redacted.  The brief, non-specific descriptions of the SOPs in the Vaughn index are insufficient to allow the court to exercise its role in ensuring that the redacted material satisfied the security exceptions.

We are unpersuaded by defendants' argument that the trial court's review of the index "was tantamount to in camera review of the SOPs themselves."  We need cite just two examples, the SOPs entitled "Temporary Detention/Holding Facility" and "Emotionally Disturbed Persons."

As for the first, defendants redacted the entire thirty-three-page "Procedures" section while releasing only the one-page "Purpose" and "Policy" sections.  From that limited disclosure, it is evident that the SOP addresses, among other things, procedures for strip or body-cavity searches, detention of

intoxicated persons, handling of detainees, and compliance with relevant statutes, regulations, and Attorney General guidelines and directives. Even assuming the SOP generally satisfies the first prong of one of the security exceptions, we are unable to determine that complete redaction was necessary to prevent "jeopardiz[ing] security of the building or facility or persons therein" or "creat[ing] a risk to the safety of persons, property, electronic data or software." The Attorney General's own public disclosure of procedures for strip searches and body-cavity searches heightens our doubts about the extent of the redaction. See New Jersey Office of the Attorney General, Attorney General's Strip Search and Body Cavity Search Requirements and Procedures (July 1995), http://www.state.nj.us/lps/dcj/agguide/3strpsch.pdf.[5]

Defendants also redacted the entire eleven-page "Procedures" section governing "Emotionally Disturbed Persons," except for subheadings. According to the unredacted "Purpose" and "Policy" sections, the document "provide[s] guidance . . . in recognizing and dealing with persons with mental illness or

---

[5] Notably, the Department's procedures regarding strip searches have been publicly scrutinized in the past. See Ernst v. Borough of Fort Lee, 739 F. Supp. 220, 225 (D.N.J. 1990) (discussing and quoting the Department's manual governing strip searches and holding that the procedures then in place did not pass constitutional muster).

A-4006-16T1

emotional disturbances," and it includes procedures necessary to involuntarily commit mentally ill persons.

Plaintiff has provided the complete "Emotionally Disturbed Persons" SOPs of two other law enforcement agencies. Although these SOPs are two pages longer than the Department's, they feature many of the same subheadings and paragraph structure. To the extent the Department's SOP mirrors the two other agencies' SOPs, the basis for the redactions that the Vaughn index asserts broadly mischaracterizes the subject matter of the redacted text and its impact on public safety.

In sum, in camera review of the SOPs is required to enable the trial court, and this court, to exercise its role in assuring that documents are not improperly withheld under OPRA.

Remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION